**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

|                                      |     |                            |
|--------------------------------------|-----|----------------------------|
|                                      | §   |                            |
| COLEMAN E. HATHERLY, ET AL.,         | §   |                            |
|                                      | §   |                            |
| Plaintiffs,                          | §   |                            |
| v.                                   | §   | Civil Action No. C-05-583  |
|                                      | §   |                            |
| MID-CONTINENT CASUALTY CO.,          | §   |                            |
|                                      | §   |                            |
| Defendant.                           | §   |                            |
|                                      | §   |                            |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On this day came on to be considered Defendant's Motion to Dismiss (D.E. 14).  For the reasons stated herein, the Court GRANTS the Motion.

**I.      Jurisdiction**

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**II.      Factual and Procedural Background**

This is a breach of contract dispute arising out of a Commercial General Liability Insurance policy ("insurance policy") Plaintiff Pintex, Inc. purchased from Defendant Mid-Continent Casualty Company to insure the E.C. Shoemaker No. 1 well ("the well").  Plaintiff Coleman Hatherly is the owner of both Plaintiff Pintex, Inc. and Plaintiff Whitesands Operating, L.L.C.

According to the Complaint, in 1999, Pintex, Inc.'s operation of the well was found to have caused underground environmental contamination.  Pursuant to the insurance policy, Defendant defended Pintex, Inc. in a lawsuit filed by an adjoining landowner and paid approximately $350,000 to settle the lawsuit.  (Pls.' Original Pet. ¶ 9; Def.'s Answer ¶ 32.)  However, Plaintiffs allege that the matter has not been completely resolved "because the [Texas] Railroad Commission [has]

required additional clean up and monitoring activities."  (Pls.' Original Pet. ¶ 7.)  According to the

Plaintiffs, Defendant has refused to pay any more under the insurance policy.

Prior to bringing the instant action, Pintex, Inc. filed for Chapter 7 bankruptcy.  On July 5,

2005, Pintex, Inc.'s bankruptcy trustee, Michael Boudloche, attempted to assign the estate's rights

in the well and the insurance policy to Plaintiff Whitesands Operating, L.L.C.  (See Pls.' Original

Pet. ¶¶ 11-13; Def.'s Answer 33.)

On December 12, 2005, Plaintiffs initiated an action in state court, seeking damages for

Defendant's breach of insurance policy and a judgment declaring Defendant's obligation to conduct

cleanup as required by the Texas Railroad Commission.  (Pls.' Original Pet. ¶¶ 21, 23-29.)  The

action was subsequently removed to this Court.  On January 3, 2006, Defendant filed its first Motion

to Dismiss (D.E. 4), asserting that all three Plaintiffs lacked standing to bring the instant action.

The Court conducted an Initial Pretrial Conference on February 6, 2006, during which it

entered an Order Abating the Proceeding.  Specifically, the Order provided:

> . . . [A]ll proceedings herein are abated and suspended pending a ruling or
> determination by the Bankruptcy Court of the ownership of the claims herein asserted
> against Mid-Continent Casualty Company, defendant.

(D.E. 13.)

On May 9, 2006, Defendant filed a second Motion to Dismiss (D.E. 14), urging the Court to

dismiss the action based on the Bankruptcy Court's April 17, 2006 Order.  The Bankruptcy Court

Order provided in pertinent part:

> All of the claims asserted by Plaintiffs in [the action filed in] . . . the United States
> District Court for the Southern District of Texas, Corpus Christi Division (the
> "Federal Court Suit"), against Defendant Mid-Continent [Casualty Company] . . . are
> claims . . . owned by the bankruptcy estate of the Debtor Pintex Operating, Inc.
> ("Pintex").  Accordingly, Pintex's Chapter 7 trustee[, Michael Boudloche,] is the

only party with standing to bring claims of the type asserted in the Federal Court Suit against Mid-Continent. Plaintiffs in the Federal Court Suit have no standing to pursue [the] claims . . . .

(See Def.'s Second Mot. to Dismiss ¶ 3.)

Plaintiffs have not responded to Defendant's Motion. Local Rule 7.4 provides that "[f]ailure to respond [to a motion] will be taken as a representation of no opposition."

## III.  **Discussion**

Federal Rule of Civil Procedure 17(a) governs who is the proper party to assert a claim, and it provides that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Wieburg v. GTE Sw., Inc., 272 F.3d 302, 306 (5th Cir. 2001); see also Farrell Constr. Co. v. Jefferson Parish, 896 F.2d 136, 140 (5th Cir.1990). The purpose of this provision is to assure the defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right. Wieburg, 272 F.3d at 306.

An insurance policy owned by a bankruptcy debtor is generally considered property of the bankruptcy estate. In re Equinox Oil Co., 300 F.3d 614, 618 (5th Cir. 2002); see also In re Edgeworth, 993 F.2d 51, 55 (5th Cir. 1993). If the insurance policy constitutes property of the bankruptcy estate, then the trustee, not the debtor, is the real party in interest with standing to assert claims arising from the insurance policy. See Wieburg, 272 F.3d at 306; see also In re Educators Group Health Trust, 25 F.3d 1281, 1284 (5th Cir. 1994); Bankruptcy Estate of B.J. McAdams, Inc. v. Int'l Paper Co., No. Civ. A. H-92-921, 1992 WL 565227, at *1 (S.D. Tex. Dec. 31, 1992).

However, if a court concludes that a debtor lacks standing to pursue claims in an action because he is not a real party in interest, the court may allow the bankruptcy trustee to be joined or substituted as plaintiff.  Federal Rule of Civil Procedure 17(a) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest . . . .

Fed. R. Civ. P. 17(a).  The Advisory Committee's Notes provide that this provision has been added "in the interests of justice" and "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made."  Fed. R. Civ. P. 17(a) Advisory Committee's Notes, 1966 Amendment.  Most courts have concluded that the provision is applicable only when the plaintiff brought the action in his own name as the result of an understandable mistake or because the determination of the correct party to bring the action has been difficult.  See Wieburg, 272 F.3d at 308; Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997); Feist v. Consol. Freightways Corp., 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999) ("In order to substitute the trustee as the real party in interest, Plaintiff must first establish that when he brought this action in his own name, he did so as the result of an honest and understandable mistake.").

In this case, as case law and the Bankruptcy Order indicate, the real party in interest with standing to assert claims arising from the insurance policy is Pintex Inc.'s bankruptcy trustee, Michael Boudloche.  Accordingly, the Court finds that all three Plaintiffs lack standing to prosecute the claims.  See Fed. R. Civ. P. 17(a).  Furthermore, the Court concludes that the action should be dismissed.  Plaintiffs have been aware of Defendant's objection to their standing to sue since January

3, 2006, when Defendant filed its first Motion to Dismiss (D.E. 4).  The Court also notified Plaintiffs of Defendant's objection at the February 6, 2006 Initial Pretrial Conference; specifically, the Court abated the proceeding to allow the Bankruptcy Court to rule on the insurance policy's ownership. Nonetheless, six months after Defendant first raised its objection, Plaintiffs have not joined or substituted the bankruptcy trustee in this action.  Furthermore, Plaintiffs have presented no evidence or arguments supporting a finding that they brought the action in their own names as the result of an understandable mistake or because the determination of the correct party to bring the action was difficult.  See Wieburg, 272 F.3d at 308; see also Advanced Magnetics, Inc., 106 F.3d at 20. Accordingly, the Court grants Defendant's Motion to Dismiss on the ground that Plaintiffs are not proper parties to prosecute the claims in the instant action.  See Fed. R. Civ. P. 17(a).

**IV.**    **Conclusion**

For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss (D.E. 14).

SIGNED and ENTERED this 10th day of July, 2006.

_____
Janis Graham Jack
United States District Judge